EDWIN A. LOMBARD, Judge.
I,This is a State appeal of the district court judgment granting the defendant’s motion to quash the bill of information. After review of the record in light of the applicable law and arguments of the State, we affirm the district court judgment.

Relevant Facts and Procedural History

The defendant, Ernest Martin, was charged by bill of information on April 11, 2008, with six counts of theft in violation of La.Rev.Stat. 14:67(B)(2). This bill of information reinstituting charges that had been previously filed against the defendant but dismissed by the State on February 8, 2008, in Orleans Parish District Court case No. 473-486.
On November 27, 2007, while the first case was pending, the defendant filed a *1029 change of address form with the clerk’s office of the Orleans Parish Criminal District Court wherein he listed both a physical street address and post office box office (mailing address) in Ethel, Louisiana. Upon the filing of the new charges by the State, the clerk’s office sent the notice to the defendant at his street address in Ethel rather than the pertinent mailing address. The defendant failed to appear at his arraignment on September 22, 2008, and a capias was issued for his arrest. No further action was taken by the State until the defendant was arrested (pursuant to the capias) on November 2, 2012. After the matter was shifted through various 12sections of court, the defendant was finally arraigned for the theft charges on the November 28, 2012.
Defense counsel filed the written motion to quash at issue in this appeal on January 18, 2018. After numerous continuances, the first hearing was held on the motion to quash on April 26, 2013. The district court noted for the record that the change of address form filed by the defendant in the earlier case provided both a street address and a post office box number (mailing) address. The district court also noted that the notice of service in the record indicated that the clerk’s office mailed the notice in this case only to the defendant’s street address. Nonetheless, because the State had attempted to serve the defendant, the district court denied the motion to quash “on the showing made” and “at this time.” The defendant objected to the district court ruling, pointing out that a post office box number was required for service in rural areas “because [rural parishes] do not do a physical address mailing” and, therefore, the defendant had no notice of the reinstituted charges. Defense counsel also pointed out the absence of any proof of service in the record.
Another motion hearing was set and, after a bench conference on September 20, 2013, defense counsel stated for the record that he wished to “re-urge” the motion to quash, explaining:
... The clerk of court sent written notice to Mr. Martin, and on his bond he had a physical address plus the post office box. They only sent it to the physical address, not the post office box; therefore, because of the parish that he lives in, Judge, he did not receive the notice and ⅛ came back to the clerk’s office. Because they do not do physical mailing, it has to go to a post office box.... As I told the Court in my memo, I was originally representing him, it was set for trial and the matter was nolle prosséd on the trial date. I was never contacted to ask where he was or they didn’t contact me at all and I didn’t know the case was reinstituted until Mr. Martin ended up in jail some five years later.
|sHe sat in jail for approximately 35 days bouncing back and forth because no one would take jurisdiction and you finally took jurisdiction because of the situation with him, and I ask the Court to re-urge my motion to quash this matter.
Notably, the State made no objection to the district court’s reconsidering its initial judgment denying the defendant’s motion to quash, arguing only that the applicable time limitation period had been interrupted by the defendant’s failure to appear at his arraignment on September 22, 2008, after “actual notice, whieh the State believes that there was in this matter.” The district court postponed its ruling to allow the State time to file a written response.
The State filed its written response to the defendant’s motion to quash on October 16, 2013, asserting only that the motion should be denied because the State’s *1030 notification of charges was mailed to the street address provided by the defendant on his change of address form and the defendant failed to appear for arraignment on September 22, 2008. Notably, the State’s response was silent as to the post office box number provided by the defendant on the change of address form, asserting only that the defendant filed “no additional change of address forms....” The State argued that these circumstances met the requirements of La.Code Crim. Proc. art. 579C3).[1]
The district court granted the defendant’s motion to quash at a hearing on May 21, 2014. The State objected generically, noted its intention to appeal without stating a basis for its objection and without providing an opportunity for the district court to consider the State’s novel argument (now before this court) that reconsideration of the defendant’s motion to quash was procedurally precluded.

14Applicable Law

Pursuant to Title VII of the Louisiana Code of Criminal Procedure, there are two separate and distinct time limitation periods applicable in criminal matters: (1) time limitations applicable to the institution of prosecution and (2) time limitations applicable to the commencement of trial. La.Code Crim. Proc. arts. 571-577 (Chapter One-Limitations Upon Institution, of Prosecution) and La.Code Crim. Proc. arts. 578-588 (Chapter 2-Limitations Upon Trial). In cases of felony theft, prosecution must be instituted, ie., the defendant must be charged, within four years of the. offense.[2] La.Code Crim. Proc. art. 572(A)(2); see La.Crim.Code 14:67(B)(2) (theft in the amount of more than $500.00 but less than $1500.00 punishable by imprisonment with or without hard labor); La.Crim.Code 1:2(A)(4) (felony is any crime for which offender may be sentenced to death or hard labor). Next, once prosecution is instituted, trial (in non-capital felony cases) must commence within two years in non-capital felony cases, La. Code Crim. Proc. art. 578(2), although this time period may be interrupted if: “The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.” La.Code Crim. Proc. art. 579(A)(3) (emphasis added).
A motion to quash may be filed based on either time limitation, ie., “ ‘the time limitation for the institution of prosecution or for the commencement of trial.”’ La. Code Crim. Proc. art 532(7) (emphasis added). When, as in this case, the motion to quash is based on an expiration of the time limitation pertaining to the commencement of trial, the motion, may be filed at any time before commencement of trial,” La.Code Crim. Proc. art. 535(B), and must be filed in | ¿written form court specifying the grounds on which it is based.[3] La.Code Crim. Proc. art. 536.

*1031
Discussion

The State instituted prosecution of this case on April 11, 2008, when it filed the bill of information. Thus, the defendant’s motion to quash, although inartfully drafted, is based on the expiration of the time limitation pertaining to commencement of trial, La.Code Crim. Proc. art. 579. Moreover, the hearing transcripts indicate that there was no consideration of whether the time period applicable to institution of prosecution had expired; the only issue discussed was whether the defendant received notice of the charges re-instituted against him. Specifically, the district court noted on the record that the notice of the reinstitution of charges was sent to the defendant’s mailing address and no proof of actual notice to the defendant appeared in the record.
The State does not dispute the merits of the district court judgment granting the defendant’s motion to quash. Rather, the State argues that the district court was barred from reconsidering the merits of the defendant’s motion because “the defendant was precluded from raising the issue of prescription more than once and that the defendant’s re-urged motion to quash was not properly filed in writing.” The State’s reliance on La.Code Crim. Proc. art. 577 as supporting authority for this proposition is misplaced. Article 577 pertains only to the issue of whether a 1 fiprosecution was timely instituted and is inapplicable to a defendant’s right to file a motion to quash based on the State’s failure to timely commence trial. There is no similar provision restricting the number of times a defendant may file a motion to quash based on the expiration of the time limitation related to commencement of trial. Accordingly, even accepting arguendo that a “re-urged” motion is a distinct entity from a request to reconsider, this argument is meritless.
The State also argues that the trial judge was without legal authority to grant the motion to quash because when he “re-urged” the motion previously filed on behalf of the defendant, defense counsel filed, in effect, a new motion that was, consequently, in violation of the rule that a motion to quash must be in writing. Notably, as the State concedes in its brief, the same argument was raised in the written motion and at both hearings and, thus, was substantively the same motion. Moreover, the district court qualified its initial ruling in a manner indicating its expectation of revisiting the issue at a later date. Under these circumstances, we construe the “re-urging” of the motion to quash as a request for reconsideration of an earlier ruling rather than an intention to file a new and substantively distinct motion.
The State’s appeal is meritless.

Conclusion

The judgment of the trial court is affirmed.
AFFIRMED.

. The State’s written response is misleading. La.Code Crim. Proc. art. 579(3) requires “actual notice, proof of which is in the record” and, as observed by the district court at the first hearing, there is no proof of service in the record.

. Pursuant to the bill of information, the theft offenses in this case occurred on January 31, 2008; April 25, 2006; May 11, 2006; and July 27, 2007. The bill of information instituting prosecution was timely filed on April 11, 2008.

.The motion to quash drafted by defense counsel appears to be a mish-mash of boilerplate law and does, in fact, make references to the time limitation period applicable to the institution of prosecution. However, the written motion clearly references La.Code Crim. Proc. art. 578(2) pertaining to the time limitation period applicable to commencement of trial and defense counsel's oral arguments (as well as the district court’s comments and the State’s responses) were confined to this issue.